IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT C. FLAD,

Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant.

Civ. No. 09-6047-AA

OPINION AND ORDER

---

Alan R. Unkeles
1869 NW 169th Place, No. 121
Beaverton, OR 97006
Attorney for Plaintiff

Kent S. Robinson
Acting United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

Nancy A. Mishalanie
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075
Attorneys for Defendant

AIKEN, Chief Judge:

Plaintiff brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying plaintiff's application for Disability Insurance Benefits (DIB). For the reasons set forth below, the Commissioner's decision is affirmed.

BACKGROUND

Plaintiff was born September 10, 1949. Tr. 96. He received a high school education and trained in a "non-union plumbing school." Tr. 129. He worked as a plumber steadily from 1970 to 1993 and then "on and off" from 1994 through 2001. Tr. 129, 217. He worked for a short time between 2000 and 2002 as a deliveryman and materials handler, and again as a plumber in 2002 and 2004. Tr. 222.

On April 14, 2005, plaintiff filed an initial application for DIB under Titles II of the Act, alleging disability since February 12, 2003 due to depressive disorder, cardiac arrhythmia, degenerative disc disease, and right shoulder numbness. Tr. 96, 103. He later amended his disability onset date to December 31, 1984. Tr. 75. His application was initially denied on July 8, 2005, and then again upon reconsideration on May 2, 2006. Tr. 46-54. Plaintiff made an untimely request for a hearing on July 13, 2006. Tr. 41. The hearing was nonetheless granted,

scheduled, and held on August 20, 2008 in Portland, Oregon. Tr. 25. The plaintiff, plaintiff's brother, and a vocational expert all testified at the hearing before an administrative law judge (ALJ). Tr. 208. At the hearing, the plaintiff further amended his disability onset date to December 31, 1998, his last date insured for DIB. Tr. 210. On September 30, 2008, the ALJ issued a decision finding the plaintiff was not disabled on or before December 31, 1998, and therefore did not qualify for DIB. Tr. 24. The Appeals Council denied plaintiff's request for review and rendered the ALJ's decision as the final decision of the Commissioner. Tr. 3. Plaintiff now seeks judicial review.

COMMISSIONER'S FINDINGS

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Plaintiff was required to show that he was disabled on or before December 31, 1998, his last date insured.

The ALJ must engage in a five step sequential analysis to determine if the claimant meets the requirements under the Act. 20 C.F.R. § 404.1520, Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

At step one, the ALJ found that plaintiff did not engage in substantial gainful activity from December 31, 1984 through December 31, 1998. Tr. 17; 20 C.F.R. § 404.1520(b). The ALJ noted that plaintiff had at times performed substantial gainful activity after the alleged onset of disability, but continued with the five step inquiry. Tr. 18.

At step two, the ALJ found that plaintiff had severe impairments, including cervical and lumbar degenerative disc disease, right knee degenerative joint disease, cardiac arrhythmia, obstructive sleep apnea, obesity, and depression. Tr. 18; C.F.R. § 404.1520(c). The ALJ came to this conclusion despite acknowledging there was "scant evidence" in the record supporting these "medically determinable impairments." Tr. 18.

At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 6, 18; 20 C.F.R. § 404.1520(d).

At step four, the ALJ determined plaintiff's residual functional capacity (RFC), which is the ALJ's assessment of claimant's ability to perform certain work-related activities on a regular basis, despite his impairments. 20 C.F.R. § 404.1520(e). The ALJ found that, through plaintiff's date last insured, he had the RFC to perform sedentary work as defined in 20 C.F.R. 404.1567(a), and was restricted to simple, routine, repetitive work, requiring only occasional interaction with

people. Tr. 20. The ALJ then determined that plaintiff could not perform his past relevant work as a plumber, deliveryman, or materials handler. Tr. 23. 20 C.F.R. § 404.1565.

The ALJ then proceeded to step five, where the burden shifts to the Commissioner to show that "the claimant can perform some other work that exists in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(f); Yuckert, 482 U.S. at 142; Tackett v. Apfel, 180 F.3d 1094, 1100 (9th Cir. 1999). Relying on the testimony of the vocational expert (VE), the ALJ determined that plaintiff could perform other jobs in the regional and national economy. Tr. 23. Based on the testimony of the VE, the ALJ found that plaintiff was "not disabled" under the Act. Tr. 24. The Appeals Council denied the plaintiff's request for review. Tr. 3.

STANDARD OF REVIEW

This court must affirm the Commissioner's decision if the Commissioner applied the proper legal standard and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229

(1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner]'s conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

DISCUSSION

Plaintiff challenges the Commissioner's final decision and the determination by the ALJ that he was not disabled on or before December 31, 1998. Specifically, plaintiff argues that the ALJ erred in failing to give germane reasons for discounting lay witness testimony, finding plaintiff's testimony less than fully credible, failing to give great weight to the Veteran's Affairs' (VA) report and decision, and failing to identify and resolve conflicts between the VE testimony and the Dictionary of Occupational Titles (DOT).

I. Lay Witness Testimony

Plaintiff argues that the ALJ did not provide germane reasons to "disregard" testimony of lay witnesses, including plaintiff's brother's testimony that plaintiff became depressed when their mother died in 1988 and when their father died in 1997, tr. 212-13, and the testimony of plaintiff's former employer that plaintiff had difficulties when employed between 2000 and 2002. Tr. 9-10, 112, 129.

An ALJ must consider lay witness testimony about the claimant's symptoms and activities unless the ALJ "expressly determines to disregard such testimony and gives reasons germane

to each witness for doing so." Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). Citing Bruce v. Astrue, 557 F.3d 1113 (9th Cir. 2009), plaintiff argues that a lack of medical or vocational expertise is not a germane reason to disregard lay witness testimony and contends the ALJ disregarded the lay witness testimony for that reason.

However, the ALJ did not disregard the lay witness testimony. Instead, the ALJ stated that the witnesses' opinions are of "limited value" and the ALJ could not afford them "significant weight." Tr. 21-22. In Bruce, the Ninth Circuit held that the ALJ could not reject a lay witness's testimony simply because that witness did not have medical or vocational expertise. Id. at 1116. The language used by the ALJ in that case was that the witness "is not knowledgeable in the medical and/or vocational fields and thus is *unable* to render opinions on how the claimant's impairments impact his overall abilities to perform basic work activities." Id. (emphasis added). The ALJ in this case, however, did not reject or disregard the lay witness testimony outright, but only noted that the testimony lacked "significant weight as additive evidence to support a finding of disability." Tr. 22.

Further, defendant accurately points out that the written statement of plaintiff's employer regarding plaintiff's activities between 2000 and 2002 is not applicable to the ALJ's

specific inquiry of whether plaintiff was disabled as of last date insured, December 31, 1998. It is plaintiff's burden to establish disability during the relevant period, and this witness statement does not support a disability during that period. I also find that the ALJ did not err in considering the testimony of plaintiff's brother regarding plaintiff's depression, given that such testimony does not indicate that plaintiff was disabled or exhibited any symptoms more severe than those determined by the medical experts on the record. Tr. 145, 151, 155, 175. Greater consideration of the lay witness testimony in this case would have no bearing on the ALJ's ultimate findings. Thus, the ALJ's level of consideration of the lay witness testimony and determination that it was of "limited value" was not legal error.

II. Credibility

Plaintiff argues that the ALJ failed to provide clear and convincing reasons to discount his testimony on the severity of his symptoms. Specifically, plaintiff disagrees with the ALJ's findings that plaintiff's work activity, medical records, conservative medical treatment, and daily activities were inconsistent with his testimony on the severity of his impairments.

An ALJ must make specific findings and state clear and convincing reasons for rejecting or discounting the credibility of a claimant's testimony on severity of symptoms if the claimant

produces objective medical evidence of an impairment that could reasonably cause the symptoms. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996). In assessing the credibility of a claimant's testimony, the ALJ may consider objective medical evidence and the claimant's treatment history as well as any unexplained failure to seek treatment or follow a prescribed course of treatment. Id. The ALJ may also consider the claimant's daily activities, work record, observations of physicians or other third parties with personal knowledge about the claimant's limitations, claimant's prior inconsistent statements, and general reputation. Id.

In this case, the ALJ clearly considered the appropriate factors and provided clear and convincing reasons for rejecting the plaintiff's testimony on the severity of his symptoms. First, the ALJ correctly noted that the record contains "scant" objective medical evidence supporting plaintiff's alleged medically determinable impairments and no medical evidence to support disability as of December 31, 1998. Tr. 18. An ALJ may look to the medical record for inconsistencies with the plaintiff's testimony. Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The objective medical evidence, including reports from several physicians, supports the ALJ's finding that plaintiff has mild restrictions in his activities, moderate difficulties in maintaining social functioning, and mild

difficulties in concentration. Tr. 21, 168, 171, 175, 185. This medical evidence is inconsistent with plaintiff's testimony that his impairments are so severe as to prevent all work.

Second, the ALJ found plaintiff's medical treatment inconsistent with his testimony. The record reflects that plaintiff's medical treatment has been successful in controlling his symptoms. Tr. 156, 157, 165. Further, the record indicates that plaintiff has made fairly infrequent trips to the doctor, has missed some appointments, and has failed to follow medical advice. Tr. 152, 156, 157, 165, 175, 176.

Finally, the ALJ correctly noted that plaintiff's daily activities and ability to take long trips are inconsistent with plaintiff's alleged impairments. Tr. 21, 156, 168, 171, 178, 181. The record also reflects that plaintiff participates in activities such as breeding and showing dogs, socializing with friends over the internet, fishing, hunting, looking for work, and traveling long distances to visit friends. Tr. 21, 156, 168, 171, 178, 181, 186, 198. Contrary to the plaintiff's argument, the ALJ is not required to provide specific examples of the specific activity level to which a disability claimant should be limited. The ALJ's finding that plaintiff's activities constitute an active lifestyle inconsistent with plaintiff's alleged severity of symptoms is all the Ninth Circuit requires of an ALJ. See Bray v. Commissioner, 554 F.3d 1219, 1227 (9th Cir.

2009); Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997). In sum, the ALJ gave clear and convincing reasons for rejecting plaintiff's testimony, and his reasons were supported by substantial evidence on the record.

III. The VA Disability Rating

Plaintiff contends that the ALJ did not give persuasive, specific, valid reasons for the lesser weight attributed to the Department of Veterans' Affairs (VA) disability report. The VA report dated July 14, 2005 determined plaintiff to be "permanently and totally disabled." Tr. 202. Plaintiff argues that this VA rating should have been afforded greater weight in the ALJ's decision.

If a disability claimant presents a VA report designating the claimant as disabled, the ALJ must ordinarily give that report great weight because of the "marked similarity" between the two federal disability programs. McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002). However, a VA rating of disability does not compel the same conclusion by the Commission, though 20 C.F.R. § 404.1504. However, an ALJ must provide specific, valid reasons for giving a VA rating diminished weight. Id.; see also 20 C.F.R. § 404.1504; Chambliss v. Massanari, 269 F.3d 520, 522-23 (9th Cir. 2001). Such valid reasons include inadequate or incomplete explanations provided by the VA for the disability rating or differences in purpose or timing between the

VA report and the claimant's Social Security application. Chambliss, 269 F.3d at 523.

Here, the ALJ considered the VA report and gave a specific, valid reason for giving it diminished weight consistent with Chambliss. The ALJ correctly noted that the VA board only considered whether plaintiff could perform past relevant work and did not consider whether the plaintiff could perform other work in the regional or national economy. Tr. 203. Thus, the VA's explanation for its decision is incomplete as compared to the considerations an ALJ must make before determining whether a claimant is disabled. More importantly, as defendants point out, the VA report was issued on July 14, 2005 and sheds no light on whether plaintiff was disabled as of December 31, 1998. For these reasons, the ALJ appropriately gave diminished weight to the VA report and did not commit legal error.

IV. Vocational Expert Testimony

Finally, plaintiff argues that the ALJ erred in not identifying and resolving alleged conflicts between the VE testimony and the DOT. See Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007)(holding that an ALJ has an affirmative responsibility to ask the VE if his or her testimony is consistent with the DOT and obtain an explanation of any conflict).

Plaintiff contends a conflict exists between the jobs

identified by the VE that plaintiff could perform and the descriptions of those jobs in the DOT. Plaintiff further suggests that wafer breaker and rotor assembler, two of the three occupations suggested by the VE, are inconsistent with plaintiff's RFC as described in the DOT.

In fact, there is no conflict between the VE testimony and the DOT. The VE considered plaintiff's RFC, along with relevant vocational factors - age, education level and vocational background - and identified three jobs that plaintiff could perform, including table worker, rotor assembler, or wafer breaker. Tr. 233, 20 C.F.R. § 404.1505(a). Plaintiff argues that wafer breaker and rotor assembler require "level 2" reasoning ("commonsense understanding to carry out detailed but uninvolved written or oral instructions") under the DOT, and that his RFC is only consistent with "level 1" reasoning, ("commonsense understanding to carry out simple one- or two-step instructions"). Plaintiff, however, presents no evidence to support this conclusion, and the ALJ's RFC assessment is consistent with the requirements of level 2 reasoning.

Further, as defendant explains, plaintiff ignores the fact that the VE considers vocational factors along with plaintiff's RFC at step five. Plaintiff completed a high school education and additional plumbing vocational training. Such education indicates plaintiff could perform tasks that require at least

level 2 reasoning according to the DOT. See DOT, Appendix C, available at 1991 WL 688702. Plaintiff fails to cite any actual inconsistency between the VE testimony and the DOT, and any failure of the ALJ was harmless error. Massachi, 486 F.3d at 1154, n. 19.

Finally, even if the ALJ erred in not identifying or inquiring into inconsistencies between two of the jobs suggested by the VE and the DOT, plaintiff does not contest the third job identified by the VE, production table worker. The ALJ needs only to find one occupation that plaintiff could perform that exists in significant numbers in the local or national economy to support a finding of not disabled. 20 C.F.R. § 404.1512(g).

CONCLUSION

The ALJ's finding that plaintiff is not disabled within the meaning of the Act is supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is AFFIRMED. IT IS SO ORDERED.

Dated this 2nd day of February, 2010.

Ann Aiken

Ann Aiken
United States District Judge